# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO
# Judge John L. Kane

Civil Action No. 12-cv-00559-JLK

MONICA T. BROWN,

    Plaintiff/Applicant,

v.

CAROLYN COLVIN, Commissioner of the Social Security Administration,

    Defendant.

___

**ORDER RE MOTIONS FOR ATTORNEY FEES FILED PURSUANT TO 42 U.S.C. §406(b) (Doc. 35) AND THE EQUAL ACCESS TO JUSTICE ACT (Doc. 31)**
___

Kane, J.

The Court, having reviewed the Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. §406(b), refiled, and having reviewed the Application For an Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. §2412, filed by Plaintiff's attorney, finds and orders as follows:

    1.    Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. §406(b) (Doc. 35) is appropriate under the criteria of the case of *Gisbrecht v. Barnhart,* 535 U.S. 789 (2000), and the Court hereby approves an award of attorney fees under 42 U.S.C. §406(b) in the amount of $15,872.25 and orders that amount paid to the attorney, Gordon W. Williams, from the funds withheld by the Commissioner of Social Security for the payment of attorney's fees.

    2.    Plaintiff's Application for an Award of Attorney's Fees Under the Equal Access to Justice Act (EAJA) under 28 U.S.C. §2412 (Doc. 31) was filed after judgment was entered in

favor of Plaintiff on the Commissioner's Motion for Entry of Judgment (Doc. 25), which was precipitated by the SSA's Notice of Fully Favorable Decision (Doc. 25-1).  The award of Social Security benefits followed a remand by this Court back to the Commissioner for a new hearing under Sentence 6 of 42 U.S.C. §405(g). The EAJA provides for an award of attorney fees to a prevailing party in a civil action brought against the United States unless the Court finds that the position of the United States was substantially justified or special circumstances make an award unjust (28 U.S.C. §2412(d)(1)(A)).

3. The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.  *Blum v. Stenson,* 465 U.S. 866, 888 (1984).  Under this rubric, Plaintiff seeks a fee award in the amount of $18,660.51, calculated by multiplying the total number of hours incurred in Plaintiff's case, 99 hours, by the hourly rate agreed upon by the parties, which is $188.49.  In support of this application, Plaintiff's attorney, Gordon W. Williams, submitted an affidavit documenting his time records.

4. While Plaintiff has met the threshold conditions for an award of fees under EAJA, the Court must still determine if the fee is reasonable.  The Commissioner does not oppose an award of EAJA fees, or the rate proposed, but asserts that the number of hours claimed by Mr. Williams is not reasonable.  Time spent in this case involved both time before this Court and for the time incurred before the Social Security Administration on remand which, under a Sentence 6 remand, is also compensable.  Having reviewed Mr. Williams's time records and having reviewed the arguments in Defendant's Response Brief and Plaintiff's arguments in her Reply Brief to the Response Brief, the Court finds that the time spent by Mr. Gordon on this appeal and

on remand of the Commissioner's denial of disability benefits, as averred, is not unreasonable. Accordingly, the Court finds that an award of EAJA fees in the sum of $18,660.51 is proper.

5.     Under the case of *Astrue v. Ratliff*, 560 U.S. 586, 594-98 (2010), the EAJA fees awarded by this Court belong to Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. §3716(c)(3)(B) (2006)).  Accordingly, any fee awarded under EAJA should be awarded to Plaintiff and not Plaintiff's attorney, but if there is no Treasury Offset, the Commissioner may honor a proper assignment of fees by the Plaintiff to Plaintiff's attorney.

6.     If an attorney receives attorney fees both pursuant to 42 U.S.C. §406(b) from the client's back due benefits and under EAJA, the attorney will pay the lesser of the two fees received by the attorney back to the client pursuant to statutory requirements.

Accordingly, it is ORDERED that $15,872.25 in attorney's fees be paid to the attorney, Gordon W. Williams, from the funds withheld by the Commissioner of Social Security for the payment of attorney's fees pursuant to 42 U.S.C. §406(b) and that the Commissioner pay Plaintiff $18,660.51 in fees under the Equal Access to Justice Act.  Mr. Gordon shall return the lesser of those fee awards to Plaintiff.

Dated July 15, 2014.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE